UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID BENITEZ,

    Plaintiff,

v.                                              Case No: 2:17-cv-283-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff David Benitez's Complaint, filed on May 23, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other

substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On September 6, 2013, Plaintiff filed an application for disability insurance benefits and an application for supplemental security income. (Tr. at 176-188). Plaintiff asserted an onset date of May 1, 2013. (*Id.* at 176, 180). Plaintiff's applications were denied initially on December 16, 2013 and on reconsideration on February 3, 2014. (*Id.* at 81, 82. 105, 106). A hearing was held before Administrative Law Judge ("ALJ") William F. Taylor on February 8, 2016. (*Id.* at 35-64). The ALJ issued an unfavorable decision on February 18, 2016. (*Id.* at 20-28). The ALJ found Plaintiff not to be under a disability from May 1, 2013, through the date of the decision. (*Id.* at 28).

On March 24, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on May 23, 2017. This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 16).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January

2

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through March 31, 2017. (Tr. at 22). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2013, the alleged onset date. (*Id.*). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "fusion L5-S1 (2013); lumbar radiculopathy; chronic pain syndrome; and spondylolisthesis at L5-S1 (20 [C.F.R. §§] 404.1520(c) and 416.920(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (*Id.* at 23).

At step four, the ALJ found the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 [C.F.R. §§] 404.1567(a) and 416.967(a) except with lift carry push and pull 10 pounds occasionally and lift carry push and pull less than 10 pounds frequently [sic], sit six hours, stand/walk two hours; occasionally stoop, crouch, frequently kneel; no crawling and occasional balancing; no limitations on hearing, seeing or speaking; occasionally climb stairs and ramps; no climbing of ladders, ropes or scaffolds; frequent reaching bilaterally in all directions including overhead; no limitations on fingering, feeling and handling; avoid concentrated exposure to

---

1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

> vibrations, no limitations on the use of hands and occasional use of feet for the operation of controls; no work with or near dangerous and moving type of equipment and machinery and limited to working at heights only when protected from falls.

(*Id.*).

The ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at 26). The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.* at 27). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform: (1) document preparer, DOT # 249.587-018, unskilled, SVP 2; (2) cutter and paster press clippings, DOT # 249.587-014, unskilled, SVP 2; and (3) surveillance systems monitor, DOT # 379.367-010, unskilled, SVP 2. (*Id.*).[2] The ALJ concluded that Plaintiff was not under a disability from May 1, 2013, through the date of the decision. (*Id.* at 28).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

4

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.     Analysis**

On appeal, Plaintiff raises the following issue: whether the ALJ erred by failing to consider whether the claimant was entitled to a closed period of disability. Plaintiff contends that the ALJ found Plaintiff "has" the residual functional capacity to perform sedentary work, but should have made a "more thorough analysis as to whether the claimant was limited to less than sedentary work, or would have missed an inordinate number of days from work due to back pain and treatment therefor, for at least 12 continuous months, since May 1, 2013." (Doc. 25 at 6). Plaintiff argues that this matter should be reversed and remanded for consideration of whether the claimant was disabled for any 12 continuous month period. (*Id.*).

The Commissioner argues that after careful consideration of the entire record, the ALJ determined that despite Plaintiff's alleged impairments, Plaintiff had the RFC to perform a reduced range of sedentary work. (*Id.* at 7). The Commissioner also argues that the ALJ

5

properly found that Plaintiff did not meet the definition of disability at any time since the alleged onset date and, thus, Plaintiff's request for remand is meritless. (*Id.* at 7-9).

"An individual claiming Social Security disability benefits must prove that he is disabled." *Rodriguez v. Comm'r of Soc. Sec.*, No. 17-13046, 2018 WL 3046394, at *2 (11th Cir. June 20, 2018) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). The Social Security Act defines disability as an individual who "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).

A plaintiff may request benefits for a closed or finite period of disability, even if he is later able to work. *Sandlin v. Colvin*, No. 5:14-CV-1885-MHH, 2016 WL 4820785, at *3 (N.D. Ala. Sept. 14, 2016). When making a determination relating to a closed period, the decisionmaker determines whether the claimant is entitled to disability benefits for a finite period of time that starts and stops prior to the date of the decision. *Id.* (citing *Mitchell v. Comm'r of Soc. Sec.*, 393 F. App'x 651, 652 (11th Cir. 2010)). To have a closed period considered, a claimant must have an impairment that: (1) prevents substantial gainful activity for at least twelve (12) months; (2) continues to or through the month of filing; and (3) ceases in or after the month of filing, but prior to the date of adjudication. *Harvey v. Astrue*, No. 308-CV-455-J-25MCR, 2009 WL 2634399, at *8 (M.D. Fla. Aug. 24, 2009). Thus, a claimant must establish a consecutive twelve (12) month period of time in which he is unable to engage in substantial gainful activity. *Id.* (citations omitted). When an ALJ determines that a claimant is not disabled at any time during the period from his alleged onset date to the date of the hearing and this decision is supported by substantial evidence, then the ALJ has not erred in failing to consider a

6

claimant's eligibility for a closed period of disability. *Jones v. Comm'r of Soc. Sec.*, 181 F. App'x 767, 772-73 (11th Cir. 2006).

In the instant case, Plaintiff's entire factual recitation and argument are less than two pages in length. To summarize, Plaintiff states that his alleged onset date is May 1, 2013. (Doc. 25 at 5). Prior to his onset date, Plaintiff saw his primary care doctor for back pain and on August 1, 2013 went to Lee Memorial with back pain. (*Id.*). On August 28, 2013, Plaintiff met with a neurosurgeon because of severe low back pain that radiated down to his left lower extremity. (*Id.* at 6). In October 2013, Plaintiff went to Family Medical Clinic for a follow up for his back pain. (*Id.*). On October 28, 2013, Plaintiff underwent lumbar surgery with fusion. (*Id.* (citing Tr. at 342-53)). Plaintiff went to Lee Memorial Hospital on January 24, 2014, January 29, 2014, March 6, 2014, and September 26, 2014 for back pain. (*Id.* at 6 (citing Tr. at 414-26)). "After September 26, 2014, there appears to be less aggressive treatment for the claimant's back pain." (*Id.* at 6).

Plaintiff then argues that the ALJ found Plaintiff "has" the RFC for sedentary work, but should have analyzed whether Plaintiff was limited to less than sedentary work or would have missed "an inordinate number of days from work" due to his back pain and treatment for at least twelve (12) continuous months, since May 1, 2013. (*Id.*). Plaintiff argues, therefore, that this cause should be reversed and remanded to determine whether Plaintiff was disabled for "any 12 continuous months." (*Id.*). The Court finds Plaintiff's argument unpersuasive for the following four (4) reasons.

First, Plaintiff cites no legal authority to support his contention that the ALJ erred by not more thoroughly analyzing a closed period of time or in not considering whether Plaintiff would have missed a number of work days due to his back pain.

Second, Plaintiff failed to specify the exact dates for the closed period that Plaintiff claims the ALJ should have more closely analyzed. When a plaintiff seeks to have a closed period for disability benefits, a plaintiff must provide with specificity the exact dates for the closed period. *Jones*, 181 F. App'x 772-73. Here, Plaintiff states that the closed period is "for at least 12 continuous months, since May 1, 2013" and further explains that the cause should be reversed and remanded "for any 12 continuous months." (Doc. 25 at 6). Without more specificity, Plaintiff leaves the Court to guess at the exact dates of the alleged closed period.

Third, to the extent that Plaintiff argues that the closed period of disability was from the alleged onset date of May 1, 2013 until his administrative hearing or any closed period in between, Plaintiff's argument fails because the ALJ considered the entire medical record from prior to the onset date through the most recent medical records. (Tr. at 23-26). When an ALJ's decision that a plaintiff is not disabled from the onset date to the date of the administrative hearing is supported by substantial evidence, then a plaintiff's argument that he was disabled during a finite period of time between these dates must fail. *Jones*, 181 F. App'x at 773.

Here, in support of his decision, the ALJ summarized the medical records, including medical records from prior to Plaintiff's lumbar surgery and after his surgery. (Tr. at 24-26). Specifically, the ALJ noted that Plaintiff had a history of low back pain for years. (*Id.* at 24). The ALJ considered medical records and tests that occurred both prior to Plaintiff's back surgery in October 2013 and after surgery. (*Id.* (citing: (1) 1F – emergency department records dated April 14, 2012 to November 28, 2012; (2) 2F – emergency department records dated July 31, 2013 to August 1, 2013; (3) 8F – outpatient hospital records dated October 21, 2013 to October 29, 2013; (4) 12F – hospital records dated May 14, 2014 to November 1, 2015; and (5) 13F –

hospital records dated November 21, 2013 to January 6, 2016)). The ALJ further summarized Plaintiff's visits to his doctors and noted Plaintiff's complaints of back pain. (*Id.* at 25).

The ALJ also considered a consultative evaluation by Eshan M. Kibria, D.O. immediately prior to surgery on October 22, 2013 and state agency medical consultant, Nicolas Bancks, M.D.'s opinion of February 3, 2014 (post-surgery) that Plaintiff has the RFC to perform light work with some limitations. (*Id.* at 26).

After a careful review of Plaintiff's medical records, the ALJ determined that Plaintiff has the RFC to perform a reduced range of sedentary work. (*Id.* at 26). The ALJ found that Plaintiff was not under a disability from May 1, 2013, through the date of the decision. (*Id.* at 28). The Court finds that the ALJ's decision that Plaintiff was not under a disability from the alleged onset date of May 1, 2013 through the date of the decision is supported by substantial evidence. Thus, the ALJ did not err by not considering a closed period for disability.

Fourth, Plaintiff claims that the ALJ should have considered that Plaintiff would miss "an inordinate number of days of work due to back pain and treatment." (Doc. 25 at 6). Again, Plaintiff fails to specify which dates the Court should consider for this issue and fails to cite to any legal authority to support this issue. Nonetheless, in Plaintiff's brief factual recitation, Plaintiff provides dates for treatments that fall within the twelve (12) month period from the onset date of May 1, 2013 – specifically, August 28, 2013, October 2013, October 28, 2013, January 24, 2014, January 29, 2014, and March 6, 2014. (Doc. 25 at 6). After one year from the onset date, Plaintiff went to Healthpark Medical Center on May 14, 2014 and Lee Memorial Hospital on September 26, 2014. Plaintiff fails to explain how these treatments constitute an "inordinate number of days" of missed work during a continuous twelve (12) month period. *See* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). Further, Plaintiff only speculates – without

citation to the record or legal authority – that Plaintiff's back pain would have caused additional days of missed work.

Accordingly, the Court finds that the ALJ did not err by failing to more thoroughly analyze whether Plaintiff was limited to less than sedentary work or would have missed a number of days from work for a closed period of disability.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

Accordingly, it is hereby **ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 8, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties